**SIGNED.**

Dated: February 16, 2010

_____
**JAMES M. MARLAR**
**Chief Bankruptcy Judge**
_____

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 11 |
| CASAS ARCHOS INVESTORS, LLC, | No. 4:09-bk-22448-JMM |
| | **MEMORANDUM DECISION RE:** |
| | **1) MOTION TO AUTHORIZE USE OF CASH COLLATERAL;** |
| | **2) MOTION TO MODIFY STAY;** |
| | **3) MOTION TO DISMISS;** |
| | **4) MOTION FOR APPOINTMENT OF CHAPTER 11 TRUSTEE;** |
| | **AND** |
| Debtor. | **5) MOTION FOR ADEQUATE PROTECTION** |

After consideration of the evidence, the court finds and concludes:

1. There is no equity in the property, as its agreed value is $1,775,000, and the liens against it exceed that figure. § 362(d))(2)(A).

2. The Debtor qualifies as a single asset real estate entity. § 101(51)(B).

3. The Debtor did not file a plan of reorganization, nor make any monthly payments to secured creditors Ned and Barbara Gaylord and Thomas and Candice Nantais (collectively, "Gaylord/Nantais") within the 90-day period following the filing of the case. Said payments were required to be in at least

the amount of the non-default contractual interest rate.  § 362(d)(3).  No payments in such amounts have been made.

4. The plan proposed by the Debtor is not confirmable, and, therefore, is not "effective" because:

   A. It does not appear to present a case wherein it can garner the accepting vote of at least one class of impaired creditors.  § 1129(a)(10);

   B. The plan appears to impermissibility place similarly situated unsecured creditors within different classes, with no logical justification therefore. § 1122(a); *In re Johnston*, 21 F.3d 323 (9th Cir. 1994);

   C. The plan appears incapable of cramdown treatment, because it violates the absolute priority rule of § 1129(b)(2)(C), in that there is no new value contribution by insiders, who are proposing to retain their interests.

   D. The 40-year duration of the plan is speculative (*see* Plan at 5, § v.B), as there was no reliable evidence that the Debtor could perform over that period.  speculative plans cannot be confirmed. *In re Pizza of Hawaii*, 761 F.2d 1374, 1382 (9th Cir. 1985).

   E. There was no evidence that the 5% interest rate, proposed for the secured creditors, is reasonable for the 40-year term, nor that the 5% figure has any margin for risk of default. *See In re Fowler*, 903 F.2d 694 (9th Cir. 1990); *In re Camino Real Landscape Maintenance Contractors*, 818 F.2d 1503 (9th Cir. 1987).

   F. The cash flows on the project are inadequate to support the plan, and the plan includes no new capital infusion by the owners.  Therefore, all the risk has been unfairly shifted to the creditors.

5. The secured creditors are suffering current loss, and may themselves experience foreclosure proceedings when the underlying loan becomes due in 2013.

The court, therefore, concludes:

(1) Cause and factors exist to lift the stay under § 362(d)(1), (2) and (3) of the Bankruptcy Code, so creditors Gaylord/Nantais' request for stay relief to enable them to return to Superior Court in order to complete their judicial foreclosure, is GRANTED (DN 33);

(2) The Debtor's Motion for Use of Cash Collateral (DN 15) is DENIED;

(3) The creditors' Motion to Dismiss (DN 33) is DENIED;

(4) The creditors' Motion for Appointment of a Trustee (DN 33) is GRANTED, as cause for that appointment has been shown to be in the best interests of creditors. § 1104(a)(2). The U.S. Trustee shall, upon the entry of an order, make such appointment.

(5) The creditors' Motion for Adequate Protection (DN 33) is DENIED, as moot, and without prejudice.

Counsel for creditors Gaylord/Nantais shall, as soon as possible, submit a separate order for each of the aforementioned remedies/rulings.

DATED AND SIGNED ABOVE.

COPIES to be sent by the Bankruptcy Notification Center ("BNC") to the following:

Eric Ollason, Attorney for Debtor

Charles R. Hyde, Attorney for Debtor

Edith Rudder, Attorney for Creditor Gaylord

Office of the U.S. Trustee